UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMARIO LYNN MCPHERSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-77 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed on March 19, 2018, by a state prisoner incarcerated at the McConnell Unit in Beeville, Texas, which is located in Bee County. (D.E. 1). In his complaint, Petitioner challenges his Tarrant County murder conviction and life sentence. (D.E. 1 and D.E. 7). Petitioner has filed at least one other habeas petition asserting he is not in custody pursuant to a judgment of a state court for purposes of § 2254 and therefore, a federal court has authority to grant him federal habeas relief under 28 U.S.C. § 2241. *See McPherson v. Davis*, 4:17-CV-1005-O (N.D. Tex. Jan. 4, 2018) (Order of Transfer).[1] However, § 2254 provides the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and seeking an immediate or speedier release. *Id*. (citing *Wolff v. McDonell*, 418 U.S. 539, 554 (1974)).

---

[1] Petitioner's previous § 2241 action was initially filed in this Court and then transferred to the Northern District of Texas, Fort Worth Division. *See* Case No. 2:17-cv-379. After the transfer, Petitioner's case was then construed as a § 2254 action and transferred to the Fifth Circuit Court of Appeals so Petitioner could seek authorization to file a successive § 2254 petition as he had filed three prior federal petitions under § 2254. *See McPherson v. Davis*, 4:17-CV-1005-O (N.D. Tex. Jan. 4, 2018) (Order of Transfer). The Fifth Circuit then dismissed the case after Petitioner failed to comply with the Court's January 5, 2018 notice. *See In re: Amario McPherson*, No. 18-10012 (5th Cir. Feb. 19, 2018) (Clerk Order denying authorization to file successive habeas petition).

A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner's place of incarceration is in the Corpus Christi Division of the Southern District of Texas, 28 U.S.C. § 124(b)(6), and he was convicted by a court located in Tarrant County in the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a). A habeas application may be transferred in furtherance of justice to the district court within which the state court was held which convicted and sentenced the petitioner. 28 U.S.C. § 2241(d). Because Petitioner was convicted in Tarrant County, it is more convenient and would further the interests of justice for this action to be handled in the Fort Worth Division of the Northern District of Texas. The records of his conviction and the prosecutor and defense lawyers are all located in the Fort Worth Division of the Northern District of Texas.

Accordingly, it is ordered that this case be transferred to the United States District Court for the Northern District of Texas, Fort Worth Division. All pending motions are **DENIED** subject to refiling in the Northern District of Texas, Fort Worth Division. The Clerk of Court is directed to **CLOSE** this case.

ORDERED this 10th day of April, 2018.

Jason B. Libby
United States Magistrate Judge